MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JENNIFER GASPAR (CABN 266726)
Special Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jennifer.gaspar@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0325 SBA |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: February 1, 2012 |
| KAMAISHAY N. CARTER, | Time: 10:00 a.m. |
| a/k/a "Maraco Askari Jones," | Court: Hon. Saundra Brown Armstrong |
| Defendant. | |

     The United States of America requests that defendant Kamaishay N. Carter be sentenced to 77 months of imprisonment, representing the low end of the Sentencing Guidelines' ("Guidelines") range of imprisonment.

**STATEMENT OF THE CASE**

     On May 19, 2011, a federal grand jury in the Northern District of California returned a one-count Indictment charging Defendant Kamaishay N. Carter ("Defendant") with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The Indictment alleged that on April 11, 2011, Defendant possessed a Colt .45 caliber semi-automatic firearm and seven rounds of ammunition, and that the firearm and ammunition had traveled in interstate

commerce. The Indictment further alleged that at the time Defendant possessed the firearm and ammunition, he had been convicted of a felony punishable by a term of imprisonment exceeding one year. On November 14, 2011, Defendant and the United States reached an agreement regarding disposition of this matter and submitted a plea agreement prepared according to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to this Court for consideration. This Court ordered the United States Probation office to prepare a pre-plea Presentence Investigation Report ("PSR"), and scheduled February 1, 2012, for acceptance of plea and sentencing.

## STATEMENT OF FACTS

On April 11, 2011, Defendant discarded a loaded handgun while fleeing from Oakland Police Department ("OPD") officers near the intersection of 28th Street and San Pablo Avenue in Oakland. Two OPD officers in a patrol vehicle encountered Defendant on a street corner at approximately 3:18 a.m. The officers asked Defendant for his name, to which he responded "James Johnson" while walking away quickly. Defendant jumped over a fence and was heard discarding a metal object before officers could exit their patrol vehicle. Additional police units were called in. Officers observed Defendant running through several yards of apartment complexes. He was eventually located and apprehended. Officers recovered a loaded Colt, ACP MK IV .45 caliber semi-automatic firearm bearing serial number FA40135 on the ground at the location where Defendant had initially fled. Defendant's discarded sweatshirt and a bulletproof vest were also located nearby.

A records check by the Bureau of Alcohol, Tobacco, and Firearms indicated that the firearm and ammunition Defendant possessed were all manufactured or distributed outside the state of California and therefore had traveled in interstate commerce.

## DEFENDANT'S CRIMINAL HISTORY

Defendant's extensive criminal history dates back to 1989 and includes acts of violence, multiple controlled substance offenses, parole violations, and numerous arrests for which he was never charged. On October 11, 1995, Defendant was convicted of selling a controlled substance and sentenced to 22 days in jail. (PSR ¶ 28.) On April 22, 1999, Defendant was convicted of possession or purchase of cocaine base for sale, and sentenced to one year in jail and five years in

prison. (Id. at ¶ 29.) He was sentenced to three years in prison for this offense when his probation was revoked in 2002. (Id.) He was convicted of possession or purchase of cocaine base for sale again on August 23, 2006, and on June 23, 2010. (Id. at ¶¶ 32 and 34.) He also received a felony conviction for bringing alcohol or drugs into prison on May 4, 2008. (Id. at 33.)

On June 7, 1999, Defendant was convicted of carjacking and sentenced to three years in state prison. (PSR ¶ 30.) The police report from this incident indicates that Defendant grabbed a woman's keys as she walked to her vehicle and said, "Gimme those keys before I kill you bitch." Defendant hit and kicked the victim on her shoulders, arms, legs, and head. He then grabbed her purse and drove away in her vehicle. Defendant took the vehicle through several red lights, striking another car and jumping over a traffic median in the process. Defendant fled on foot after the vehicle came to a stop. Police officers were able to track him down through a pager he left at the scene. Defendant was identified by the victim and convicted. The PSR indicates that Defendant was paroled and returned to custody at least ten times following this offense, including on the instant offense. (Id.)

## **SENTENCING GUIDELINES CALCULATIONS**

Defendant's base offense level begins at 22. He committed the instant offense after sustaining at least two felony convictions for a controlled substance offense or a crime of violence. U.S.S.G. § 2K2.1(a)(2). Defendant's April 22, 1999, August 23, 2006, and June 23, 2010, convictions for possession of cocaine or cocaine base for sale in violation of California Health and Safety Code sections 11351 and 11351.1, are categorical controlled substance offenses under the Guidelines. See United States v. Charles, 581 F.3d 927 (9th Cir. 2009). Defendant has accepted responsibility for his crime, so the United States recommends that the offense level should be decreased by two levels, applying U.S.S.G. § 3E1.1(a). Because Defendant has allowed the United States and the Court to allocate resources efficiently to avoid preparing for trial, the United States moves for a third point for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). The United States agrees with Probation that this results in a total offense level of 21.

| | |
|---|---|
| 1 | **THE 18 U.S.C. § 3553(a) FACTORS SUPPORT A SENTENCE OF 77 MONTHS** |
| 2 | After United States v. Booker, 543 U.S. 220 (2005), the Court has the discretion to |
| 3 | consider the factors in 18 U.S.C. § 3553(a) when sentencing a defendant. Defendant's Criminal |
| 4 | History Category is VI; the highest category established by the Guidelines. The Guidelines range |
| 5 | for offense level 21 and criminal history category VI is 77-96 months. The United States |
| 6 | recommends a sentence at the low-end of the Guidelines for this range. |
| 7 | The nature and circumstances of this offense indicate that Defendant openly disregards |
| 8 | public safety. Not only was Defendant carrying a loaded firearm in Oakland, but he discarded |
| 9 | this firearm in a public place. Defendant also lacks respect for the law. He was a prohibited |
| 10 | person when he possessed the loaded firearm. Defendant has an extensive criminal history, |
| 11 | including repeated arrests and convictions for violent offenses, possessing or selling controlled |
| 12 | substances, as well as multiple probation or parole violations committed while serving other |
| 13 | sentences. A 77 month sentence is fair given the seriousness of this offense, the extent of |
| 14 | Defendant's criminal history, and the potentially grave consequences that may have resulted had |
| 15 | police officers not recovered the firearm. |
| 16 | A 77 month sentence should also serve the additional statutory goals set forth in section |
| 17 | 3553: reflecting the need to promote respect for the law and provide just punishment for the |
| 18 | offense; the need to afford adequate deterrence to criminal conduct; the need to protect the public |
| 19 | from further crimes of the defendant; and the need to avoid unwarranted sentence disparities |
| 20 | among defendants with similar records who have been found guilty of similar conduct. |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

## CONCLUSION

For the foregoing reasons, the United States asks that this Court sentence Defendant to the low end of the Guidelines range, 77 months in custody, followed by three years of supervised release, and a $100 special assessment.

DATED: January 25, 2012            Respectfully submitted,

MELINDA HAAG
United States Attorney

   /s/
JENNIFER GASPAR
Special Assistant United States Attorney